FILED

JUL 1 9 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CRYSTAL RICHARDSON,
10482 Baltimore Ave.
Beltsville, MD 20705

        Plaintiff,

v.

FANNIE MAE,
3900 Wisconsin Ave., N.W.
Washington, D.C. 20016

        Defendant.

CASE NUMBER   1:05CV01422

JUDGE: Ellen Segal Huvelle

DECK TYPE: Employment Discrimination

DATE STAMP: 07/19/2005

## NOTICE OF REMOVAL

Defendant Fannie Mae, pursuant to 28 U.S.C. §§ 1441, 1331, and 1332, and 12 U.S.C. § 1723a, hereby gives notice of its removal of the foregoing action to the United States District Court for the District of Columbia. This action is removed from the Superior Court of the District of Columbia, Case No. 05-CA-004970. As grounds for removal, Fannie Mae states as follows:

1. On or about June 28, 2005, plaintiff Crystal Richardson ("Plaintiff") commenced a civil action against Fannie Mae in the Superior Court of the District of Columbia, Case No. 05-CA-004970 (the "Action"). The Summons, Complaint, and Initial Order in the Action were sent to Fannie Mae via U.S. Mail on June 28, 2005. No other pleading or process has been served upon Fannie Mae in this action.

2. Fannie Mae received a copy of the Summons, Complaint, and Initial Order in the Action on June 29, 2005. Section 1446(b) of Title 28 requires that any notice of removal be filed within 30 days of the moving party's receipt of the initial pleading setting forth the claim for relief upon which the action is based. This Notice of Removal is

therefore timely under 28 U.S.C. § 1446(b) because it is being filed within 30 days of the date Fannie Mae received a copy of the Summons and Complaint.

3. The Action is properly removable pursuant to 28 U.S.C. 1441(a), which provides:

> Except as otherwise expressly provided by an Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

4. Here, the United States District Court has jurisdiction of the Action under 28 U.S.C. § 1332(a)(1), which provides:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, excluding of interest and costs, and is between: .... citizens of different States . . . [.]

5. Plaintiff is a "citizen" of the State of Maryland, and lists her residence on the Summons and Complaint as 10482 Baltimore Ave., Beltsville, Maryland 20705. *See* Summons; Compl. at 1. Fannie Mae is a federally chartered corporation with its principal place of business in the District of Columbia, and is deemed to be a District of Columbia corporation for the purposes of jurisdiction and venue in civil actions. *See* 12 U.S.C. § 1717(a)(2)(B). Therefore complete diversity exists between the parties as required by 28 U.S.C. § 1332(a)(1).

6. While Fannie Mae maintains that it will demonstrate that Plaintiff is not entitled to any amount in damages, the amount in controversy in this matter exceeds $75,000 as required under 28 U.S.C. § 1332(a). Plaintiff's Complaint seeks compensatory damages in the amount of $3,500,000. Compl. at 1. Thus, as alleged, the "amount in controversy" exceeds $75,000.

7. Therefore, the United States District Court for the District of Columbia has jurisdiction over this action because this is a civil action where the "amount in controversy" exceeds $75,000 exclusive of interests and costs, and because it is an action between citizens of different States within the meaning of 28 U.S.C. § 1332(a)(1).

8. This Court also has jurisdiction in this case under 12 U.S.C. § 1723a(a), which provides that Fannie Mae can "sue or be sued, and . . . complain or defend in any court of competent jurisdiction, State or Federal. . . ." *See Am. Nat'l Red Cross v. S.G.*, 505 U.S. 247 (1992) (statute permitting organization to "sue and be sued" in federal court confers original jurisdiction on federal courts in all cases where the organization is a party, "with the consequence that the organization is . . . authorized to remove from state to federal court any state-law action it is defending"); *Connelly v. Fed. Nat'l Mortgage Ass'n*, 251 F. Supp. 2d 1071 (D. Conn. 2003) (noting 12 U.S.C. § 1723a and *Red Cross* provide basis for Fannie Mae's removal of state claim to federal court).

9. In addition, this Court has jurisdiction in this case under 28 U.S.C. § 1331, which provides: "The district courts shall have original jurisdiction of all civil actions arising under the . . . laws . . . of the United States." Plaintiff's Complaint alleges that Fannie Mae violated "Title VII of the Civil Rights Act, as amended," which is a law of the United States within the meaning of 28 U.S.C. § 1331. To the extent Plaintiff's Complaint alleges nonfederal claims, jurisdiction over those claims is proper under 28 U.S.C. § 1441(c), which provides that

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein . . . . .

10. Pursuant to 28 U.S.C. § 1441(a), this Court is the proper forum for removal of the Action because it is the federal court for the district and division embracing the place where the state court suit is pending.

11. In removing this action, Fannie Mae expressly reserves any and all available defenses, including without limitations or waiver of defenses, lack of service of process, insufficiency of process, lack of personal jurisdiction, improper venue, failure to arbitrate, failure state a cause of action upon which relief may be granted, and statutes of limitations and repose.

12. Pursuant to 28 U.S.C. § 1446(d), Plaintiff is being provided with written notice of the filing of this Notice of Removal.

13. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Clerk of the Court for the Superior Court of the District of Columbia.

14. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, papers, and orders served upon Fannie Mae in the Action are attached to this Notice of Removal.

WHEREFORE, Fannie Mae respectfully requests that the Court exercise jurisdiction over this matter and proceed with resolution of this case as if it had been originally filed herein.

DSMDB.1953062.1

Dated: July 19, 2005

Respectfully submitted,

By: /s/ Susan A. Littell
Susan A. Littell
D.C. Bar No. 458444
DICKSTEIN SHAPIRO MORIN
  & OSHINSKY LLP
2101 L Street, N.W.
Washington, D.C. 20037-1526
(202) 785-9700

Attorneys for Defendant
Fannie Mae

DSMDB.1953062.1

## CERTIFICATE OF SERVICE

I hereby certify that, on July 19, 2005, I caused a copy of Defendant's Notice of Removal to be served by first class mail, postage prepaid to:

>Crystal Richardson
>10482 Baltimore Ave.
>Beltsville, Maryland 20705
>
>Pro se

_____
David Schur

DSMDB.1953062.1