CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001   Telephone: 879-1133

Crystal Richardson

*Plaintiff*

vs.

Civil Action No. _____

Fannie Mae

*Defendant*

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Crystal Richardson
Name of Plaintiff's Attorney

10482 Baltimore Ave.
Beltsville, MD 20705
Address

Telephone

Clerk of the Court

By _____
Deputy Clerk

Date _____

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

FILED
JUL 19 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CV(6)-456/May 03

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

Crystal Richardson
10482 Baltimore Ave.
Beltsville, MD 20705    *Plaintiff*

vs.    CIVIL ACTION No. _____

Fannie Mae
4000 Wisconsin Ave.
Washington, DC 20016
Serve Att. Anne Kappler    *Defendants*

RECEIVED
Civil Clerk's Office
JUN 2 8 2005
Superior Court of the
District of Columbia
Washington, D.C.

## COMPLAINT

1. Jurisdiction of this court is founded on D.C. Code Annotated, 1973 edition, as amended, Sec. 11-92
- In accordance with any and all applicable laws, I bring suit against Fannie Mae. Fannie Mae has violated my civil rights under Title VII of the Civil Rights Act, as amended, as it relates to race and gender (black, female) by denying me promotions, not providing protection to me as a whistle-blower, harrassing, slandering my reputation, stalking me online, stalking me physically, retaliating against me for complaining about their illegal behavior, wire-tapping, and denying me arbitration rights in accordance with their own policies. Additionally, when I brought it to Anne Kappler's attention that Fannie Mae's computer system

Wherefore, Plaintiff demands judgment against Defendant in the sum of $3,500,000.00 with interest and costs.

DISTRICT OF COLUMBIA, ss

Crystal Richardson, being first duly sworn on oath deposes and says that the foregoing is a just and true statement of the amount owing by defendant to the plaintiff, exclusive of set-offs and just grounds of defense.

Phone:

_____
Plaintiff

Subscribed and sworn to before me this _28th_ day of _June_ 20 _05_

_____
(Notary Public/Deputy Clerk)

FORM CV-1013/ Nov. 00

(Continued to next page)

are compromised, which jeopardizes public safety, additional promises were made by Fannie Mae that involved timely investigation of the facts, involved a computer forensics examination (at Fannie Mae's expense), and the right to maintain privacy while this so-called investigation took place. Instead of keeping the promise, Fannie Mae decided to breach the employer/employee contract, terminated my employment, and began stalking and harrassing me.

- Additionally, Fannie Mae has denied Arbitration, using a variety of stalling tactics, in an effort to expire all statutes of limitation that should apply. Fannie Mae has abused its power and intimidated any one willing to assist me in securing my rights, including the D.C. Office of Human Rights and the E.E.O.C.
- Severe emotional damage has been inflicted by Fannie Mae, as well as pain, suffering; and, because I was also denied reasonable accomodation during a Fannie-Mae-inflicted disability, a loss of substantial income has occurred.

-2-



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

CRYSTAL RICHARDSON
Vs.                                            C.A. No.    2005 CA 004970 B
FANNIE MAE

## INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued by the judge to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive reading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge as an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Civil Assignment Office (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

                                                            Chief Judge Rufus G. King, III

Case Assigned to: Judge GERALD I FISHER

Initial Conference: 9:30 am, Friday, October 14, 2005
Location: Courtroom A-50
         515 5th Street N.W.
         WASHINGTON, DC 20001

Caio.doc