# ATTACHMENT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CRYSTAL RICHARDSON,          ) | |
|                   Plaintiff,    ) | |
|               v.         ) | Civil Action No. 1:05CV01422 |
|                     ) | Judge Ellen Segal Huvelle |
| FANNIE MAE,            ) | |
|             Defendant.   ) | |

## DECLARATION OF ALAN TANENBAUM

1. My name is Alan Tanenbaum. I am currently a Director in Fannie Mae's Office of Corporate Justice. I served in this position in 1998. I submit this Declaration in support of Fannie Mae's Motion to Compel Arbitration and Dismiss the Complaint.

2. As a Director in the Office of Corporate Justice, I shared the responsibility of planning and overseeing notification to all Fannie Mae employees of Fannie Mae's adoption of the Dispute Resolution Policy.

3. During the week of January 12, 1998, Fannie Mae hand-delivered to its employees a sealed, individually addressed package containing four items:

i. A copy of the Dispute Resolution Policy;

ii. A cover letter dated January 12, 1998, from Tom Nides, Senior Vice-President of Human Resources, to all Fannie Mae employees;

iii. A Question and Answer reference pertaining to the Policy; and

iv. A copy of the "JAMS/Endispute Arbitration Rules and Procedures for Employment Disputes."

True and correct copies of these documents are attached as Exhibits 1-4.

4. Phyllis Ferguson was assigned to hand-deliver the package to employees in Cost Center 511 in the Office of General Counsel-sf in the Washington, D.C. office, and to maintain a list confirming that those employees received the package. Ms. Ferguson subsequently returned the list to the Office of Corporate Justice with check marks identifying the employees to whom she had hand-delivered the packages during the week of January 12, 1998. This list shows that Crystal Richardson-Faulk (n/k/a Crystal Richardson), who was assigned to Cost Center 511, received the package. A true and correct copy of the list confirming Ms. Richardson's receipt of the package is attached as Exhibit 5.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

7/22/05
Date

Alan Tanenbaum

# EXHIBIT 1
# TO
# ATTACHMENT A

# DISPUTE RESOLUTION POLICY

In any work environment, job-related disputes occasionally arise. At Fannie Mae, these are usually resolved through the Company's open door policy or the efforts of the Office of Corporate Justice ("OCJ"), which addresses disputes using a variety of alternative dispute resolution tools, including counseling, facilitated negotiation, mediation, and investigation/decision. With the introduction of this Dispute Resolution Policy ("Policy"), certain job-related claims must go through arbitration by a neutral independent arbitrator before a suit can be brought on them in court.

Arbitration is a process in which a claim is presented to a neutral person (an arbitrator) instead of to a judge or jury in court. The arbitrator makes a decision on the claim after both sides present their evidence and arguments at an arbitration hearing. The hearing is much less formal than a court trial.

**The effective date of the Policy is March 16, 1998. On that date, the Policy becomes a condition of employment for all Fannie Mae employees. This means that, by starting or continuing work for Fannie Mae on or after that date, each employee is indicating that he or she accepts the Policy as a condition of employment and agrees to be bound by it. Fannie Mae also promises to be bound by the Policy.**

1. Arbitration as Prerequisite to Lawsuit.

If an employee[1] has a claim that is covered under Section 2 of this Policy, he or she must arbitrate the claim under this Policy before bringing suit on it in court.

2. Claims Covered by the Policy.

The Policy applies to all claims that an employee might make against Fannie Mae (and its directors, officers, agents, or employees, in their representative capacities) involving a legally-protected right, that directly or indirectly relate to his or her employment or the termination of that employment, even if the claim is based on facts or circumstances that occurred before the effective date of the Policy. These include claims involving rights protected by any federal, state, or other governmental constitution, statute, ordinance, regulation, or common law. For example, claims asserting rights protected by the Fair Labor Standards Act, Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the Age Discrimination in Employment Act,

---

[1] As used in the Policy, the word "employee" includes current or former Fannie Mae regular, term, and temporary employees (including paid interns). Independent contractors and third-party contract employees are not covered by the Policy.

the Americans with Disabilities Act, 42 U.S.C. § 1981, or the Family and Medical Leave Act would be covered by the Policy.

The Policy does not apply to any claim that is filed in court or with the EEOC or any other administrative or fair employment rights agency before the effective date of the Policy. The Policy also does not apply to any claim made in connection with workers' compensation benefits, unemployment compensation benefits, or under any of Fannie Mae's employee welfare benefit, ERISA, or pension plans, or to any claim of unfair competition, disclosure of trade secrets, or breach of trust or fiduciary duty.

The Company may assert that the employee's claim is barred because it does not involve a legally-protected right, and the arbitrator may be requested to rule on this issue as a preliminary matter before conducting a hearing on the substance of the employee's claim.

3.  Right to Pursue Administrative Complaints.

The Policy does not change or in any way affect an employee's right to file a charge or complaint with the EEOC or any other administrative or fair employment rights agency. During an employee's participation or involvement in any of Fannie Mae's dispute resolution processes (including arbitration under the Policy), there will be no suspension, extension, or postponement of any applicable time limit or deadline by which the employee is required to file such an administrative charge or complaint. The Policy does not bar or restrict any employee, at any time, from assisting or cooperating with any such agency's investigations or proceedings. However, if an employee has an administrative charge or complaint pending while arbitrating it under the Policy, Fannie Mae will ask the agency to suspend its proceedings while the matter is arbitrated. Regardless of whether the agency agrees to suspend its proceedings, arbitration under the Policy will proceed.

4.  Election of Arbitration.

If the OCJ has not resolved, to the employee's satisfaction, an employee's complaint involving a legally-protected right, the employee may initiate arbitration by sending a completed "Demand for Arbitration" form (which may be obtained from the OCJ) to JAMS/ENDISPUTE ("JAMS") and a copy to the OCJ. JAMS is the independent and neutral national arbitration service that will administer all arbitrations under the Policy. If an employee submits a "Demand for Arbitration" form to JAMS before the OCJ has investigated the claim, the OCJ may conduct an internal investigation while the arbitration is proceeding, and the employee will have a continuing obligation to cooperate fully and candidly with the OCJ investigator. At any time before the arbitration hearing is held, the parties may agree to submit the complaint to mediation.

5. Rules and Procedures.

Arbitration will be conducted under the rules and procedures contained in the Policy, supplemented by JAMS's Arbitration Rules and Procedures for Employment Disputes ("JAMS's rules"). In the event of a conflict between JAMS's rules and those contained in the Policy, the Policy will prevail.

6. Time Limit on Submission of Claims.

In order for an employee's claim to be eligible for arbitration, JAMS must receive the employee's completed "Demand for Arbitration" form within the time limit set by law for bringing suit on that claim in court. If the Company contends that the claim was not made within the time limit, the arbitrator may be requested to decide the issue before any hearing on the substance of the claim. If JAMS receives the "Demand for Arbitration" form within the time limit for bringing suit in court, but that time limit runs out during the arbitration, the Company will agree to extend the time limit for up to 60 calendar days after the date of the arbitration decision, so that the employee has an opportunity to bring a timely suit on the claim in court, if he or she rejects the decision as provided in this Policy.

7. Arbitrator Selection and Replacement.

For each arbitration under the Policy, the employee and the Company will mutually select one arbitrator from among the qualified arbitrator candidates identified by JAMS. Each arbitrator candidate will have the following qualifications:

- attorney or former/retired judge;
- minimum of seven years' experience in legal and/or judicial practice; and
- substantial employment law experience (as determined by JAMS).

After receiving the employee's completed "Demand for Arbitration" form, JAMS will prepare and submit, to the employee and the Company, a list containing five arbitrator candidates who have the qualifications stated above, together with their resumes or biographical summaries. Within seven calendar days after JAMS sends the list of arbitrator candidates, each party must strike up to two names from it, rank the remaining arbitrator candidates in order of preference, and return the list to JAMS. If there is more than one candidate remaining after the parties' strikes, JAMS will appoint as arbitrator the one with the highest total ranking by the parties. If a highest total ranking cannot be determined, then JAMS will designate the arbitrator from among the candidates who have not been stricken. If a party fails to send the list back to JAMS within the seven calendar days, JAMS will assume that the party has accepted all of the arbitrator candidates on the list.

If, for any reason, the arbitrator is unable to fulfill his or her duties, a successor

3

arbitrator will be chosen in this manner.

8. Employee Participation.

Fannie Mae will excuse from their business duties, without loss of pay or benefits, all employees (including the employee who has made the claim) who are needed to provide testimony or attend arbitration proceedings, for such time as they are needed and actively participating.

9. Representation.

The employee may have an attorney or other representative, at his or her sole expense, present during any phase of arbitration.

The Legal Department will arrange for the Company's representation in arbitration. However, the Legal Department may advise a manager to secure his or her own representation if it determines that the manager's interests may be in conflict with the Company's.

10. Exchange of Information.

The employee and Fannie Mae each will be entitled to obtain relevant information from the other prior to the arbitration hearing, through informal exchange and:

- request(s) that the other party produce a reasonable number of relevant documents;
- one request that the other party answer not more than 25 relevant questions, including sub-parts;
- two or fewer "fact" witness depositions; and
- "expert" witness depositions.

11. Fees and Expenses.

Fannie Mae will pay all arbitration filing, case management, and/or administrative fees charged by JAMS, as well as all hourly or daily fees of the arbitrator. In order to preserve the impartiality of the arbitrator, the Company will make all such payments to JAMS, and JAMS will in turn pay the arbitrator's fees.

An employee who chooses to have a lawyer or other representative for the arbitration must pay all of that lawyer's or representative's fees and expenses. In addition, each party must pay all of its own expenses for acquiring or "discovering" information or testimony (e.g., taking an individual's deposition), and the fees and expenses of its "expert" or outside witness(es).

4

## 12. The Arbitration Hearing.

Either party may offer as evidence, and the arbitrator may admit into the record or consider, any agreement the parties have reached for resolving any claim(s) being arbitrated, and any findings and remedial actions resulting from a Company investigation into the same or substantially similar facts underlying the claim(s) being arbitrated.

## 13. The Award.

The arbitrator's decision ("Award") will consist of a written statement of disposition and relief, if any; and a written statement of reasons supporting the disposition and relief, if any. The Award will be based on the facts and the prevailing judicial interpretation of applicable law. The arbitrator may award any remedy or relief to the employee that is consistent with the arbitrator's authority under the law governing the employee's claim, including attorneys' fees and expenses. The Award is admissible as evidence in any litigation or proceeding on any claim arising out of the same facts or circumstances that were raised, presented, or decided in the arbitration.

## 14. Rejection/Acceptance of the Award.

The employee may, *within 30 calendar days of the date of issuance of the Award*, reject it, in its entirety, by sending a completed "Rejection of Arbitration Award" form to JAMS and the OCJ. If the employee rejects the Award, it will not become binding on the employee or the Company, and the employee may bring suit on the claim at his or her own expense.

If the employee does not reject the Award during the 30-day period, the Award becomes binding on both the Company and the employee, and the employee may not bring suit against Fannie Mae (or its directors, officers, agents, or employees, in their representative capacities) on any claims arising out of the same facts or circumstances that were raised, presented, or decided in the arbitration. If the employee does not reject the Award, he or she may not receive any award resulting from his or her EEOC or other administrative charge, or from any lawsuit brought by the EEOC or other administrative or fair employment rights agency on any claim arising out of the same facts or circumstances that were raised, presented, or decided in the arbitration. If the employee has filed a charge with the EEOC or any other administrative or fair employment rights agency, Fannie Mae will notify the agency that the claim has been resolved through arbitration.

At the expense of the party requesting it, any court having jurisdiction over a binding Award may enter an order giving it the force of law.

15. <u>Enforcement of the Award</u>.

Proceedings to enforce, confirm, modify or vacate an Award will be subject to the standard of review set forth in the Federal Arbitration Act (FAA).

16. <u>Interpretation and Governing Law</u>.

The arbitrator will resolve all disputes over the interpretation and applicability of the Policy, and over the arbitrability of all matters presented under it. This Policy is an agreement to arbitrate pursuant to the FAA. The Policy will, in all respects, be interpreted, enforced, and governed under the FAA.

17. <u>Severability/Waiver</u>.

If any provision of this Policy is held to be legally invalid or unenforceable, it will not affect the remainder of this Policy, which will continue to be in full force and effect. No failure by the Company or the employee to insist on strict compliance with any part of the Policy will be interpreted as a waiver of that part of the Policy.

18. <u>Confidentiality and Privacy</u>.

The entire arbitration proceeding, including all statements, documents, evidence, and the Award, is confidential and will not be disclosed to anyone other than the parties, their representatives, the JAMS Case Administrator, the Legal Department, and the OCJ, except: (i) to the extent that the parties agree otherwise in writing; (ii) as necessary to respond to a lawful order of a governmental official or agency; (iii) for use in a judicial proceeding to enforce, confirm, modify, or vacate an Award; or (iv) as offered into evidence in any litigation or proceeding on any claim arising out of the same facts or circumstances that were raised, presented, or decided in the arbitration.

19. <u>Employment-At-Will; Discontinuation of Policy</u>.

Nothing in the Policy, or any of the communications or materials describing or implementing it, changes the employment-at-will relationship between Fannie Mae and its employees. The Company may discontinue the Policy at any time by giving employees 30 calendar days' written notice, but the Policy will continue to apply to all claims submitted for arbitration before or during the notice period.

20. <u>Complete Agreement</u>.

This Policy is the sole and complete agreement between Fannie Mae and its employees.

**EXHIBIT 2**

**TO**

**ATTACHMENT A**

 **FannieMae**                    MEMORANDUM

| | | |
|---|---|---|
| Date | : | January 12, 1998 |
| To | : | All Employees |
| From | : | Tom Nides |
| | | Senior Vice President, Human Resources |
| Subject | : | Arbitration at Fannie Mae |

Fannie Mae is committed to maintaining a productive and comfortable working environment for all employees.  In the spirit of this commitment, the company created the Office of Corporate Justice (OCJ), which helps to prevent and resolve employment disputes through a variety of tools, including training, mediation, investigation, and counseling.  Now, the OCJ has developed an important new tool for resolving a wide range of employment disputes: non-binding arbitration.  This valuable process is described in the attached "Dispute Resolution Policy."

The Policy was developed using information gained through extensive research, benchmarking, and focus group feedback from hundreds of Fannie Mae employees. Through this research, it became clear that non-binding arbitration is highly regarded by employees.

Here's how it works.  A neutral outside person, called an arbitrator, hears both sides of a claim and then makes a written decision that is based on the facts, evidence, and law.  Because arbitration decisions generally are issued much faster than court decisions, employees and the company may resolve claims faster and be able to resume "business as usual" in a much shorter period of time.

The new Policy requires that employees bring certain employment-related claims against Fannie Mae to arbitration before they can bring suit in court.  However, please keep in mind one very important fact:  the Policy does not bar employees from going to court.  Once the claim is arbitrated, the employee has a choice:  he or she can reject the arbitrator's decision and bring the claim to court; or he or she can accept the arbitrator's decision so that Fannie Mae and the employee become bound by it.  On the other hand, Fannie Mae cannot reject the arbitrator's decision; once it is accepted by the employee, Fannie Mae is bound by it.

Arbitration is a fair process that, in most cases, will resolve employees' claims.  In addition, the Policy will protect the interests of all concerned. For example, at the beginning of each arbitration, the employee and Fannie Mae will work together to select the arbitrator from a list of candidates provided by JAMS/ENDISPUTE, an

All-Employee Memo from Tom Nides
Introducing Arbitration at Fannie Mae
January 12, 1998
Page Two


independent national arbitration service that will handle arbitrations under the Policy. In addition, employees will not pay any share of the filing and administrative fees for the arbitration, nor any part of the arbitrator's fees. Finally, employees can receive the same relief in arbitration that they could receive from a court.

**It is very important that you read the Dispute Resolution Policy and the other materials attached to this memorandum, because on March 16, 1998 the Policy will become a condition of employment for you and all other Fannie Mae employees. This means that, by starting or continuing to work for Fannie Mae on or after that date, you are indicating that you accept the Policy as a condition of employment and agree to be bound by it. Fannie Mae is also promising to be bound by the Policy. The Policy does not change the employment-at-will relationship between Fannie Mae and its employees.**

In addition, to answer any questions you have on the new arbitration Policy, the OCJ staff will be holding "brown bag" lunch-time discussions and question-and-answer sessions in Fannie Mae's D.C., Herndon, and regional offices. You also may call the OCJ, (202) 752-7951, with questions or requests for additional information, or post questions for the OCJ to answer on its cc:Mail bulletin board, "OCJ."


Attachments:
• Fannie Mae's Dispute Resolution Policy
• JAMS/ENDISPUTE's Arbitration Rules and Procedures for Employment Disputes
• Questions and Answers About Fannie Mae's Dispute Resolution Policy

**EXHIBIT 3**

**TO**

**ATTACHMENT A**

# Questions and Answers
## Pertaining to Fannie Mae's
## Dispute Resolution Policy
## Effective March 16, 1998

**Q.** *Why was the Dispute Resolution Policy (the "Policy") developed?*

**A.** In order to identify the most fair, efficient, and effective alternative to potentially costly and time-consuming litigation in court, the Office of Corporate Justice (OCJ) conducted extensive research and studied the dispute resolution policies of many other companies. We learned that, since it is typically faster to arbitrate employment disputes than to litigate them in court, the company and employees can save on legal fees and other expenses. In addition, the employees involved in the dispute can more quickly return to a cooperative and productive relationship with each other at work. As a result, we determined that arbitration would be a valuable tool for Fannie Mae and its employees.

**Q.** *What is arbitration?*

**A.** Arbitration is a process in which a claim is presented to a neutral person, called an arbitrator, instead of to a judge or jury in court. The arbitrator makes a decision on the claim after both sides present their evidence and arguments at an arbitration hearing. The hearing is much less formal than a court trial; however, the arbitrator is able to award the same relief as in court.

**Q.** *How is arbitration different from mediation?*

**A.** In arbitration, an arbitrator acts as both judge and jury, and applies the law in deciding who wins the dispute and in awarding relief. In mediation, the parties work together, with the help of a mediator, in an effort to reach an agreement. Unlike an arbitrator, a mediator has no power to decide the dispute in favor of either party, nor to award any relief. Rather, the mediator helps the parties state their positions, and identify and communicate ideas for reaching agreement. Under the Policy, arbitration will be required before an employee can bring a lawsuit in court. However, the Policy will not prevent the possibility of using mediation in an effort to resolve the dispute before an arbitrator or court resolves it for the parties.

**Q.** *Under the Policy, will I lose the right to go to court?*

**A.** No. The Policy simply requires that you use non-binding arbitration first. Because it is "non-binding," if you are not satisfied with the arbitrator's decision, you may reject it and bring suit in court. Fannie Mae, however, will not have the option of rejecting the decision, so if you do not reject the arbitrator's decision, that decision becomes the final resolution of the dispute.

1

**Q.**  *Will the arbitrator be able to award the same amount of money damages or other relief that a judge or jury could in court?*

**A.**  Yes.  The arbitrator may award the same type and amount of damages and relief that would be available in court on the same claim(s), including attorneys' fees and expenses.

**Q.**  *Who will administer arbitrations under the Policy?*

**A.**  JAMS/ENDISPUTE (JAMS), a nationally-recognized dispute resolution service, will administer arbitrations under the Policy.  JAMS was selected because of its nationwide presence, the quality and experience of its arbitrators, the fairness of its administrative rules, and the types of services it provides.  Formed in 1977, JAMS maintains a panel of arbitrators who are primarily attorneys or retired judges.

**Q.**  *What will it cost me to arbitrate?*

**A.**  Fannie Mae will pay all arbitration filing and case management fees charged by JAMS.  In addition, Fannie Mae will pay JAMS the arbitrator's fee, and JAMS will pay the arbitrator directly, in order to protect the arbitrator's neutrality.  However, if you use a lawyer or other representative for the arbitration, you must pay the fees and expenses of that lawyer or representative.  You also must pay any costs of your own gathering of evidence or calling of expert or outside witnesses.

**Q.**  *Who chooses the arbitrator?*

**A.**  The employee and Fannie Mae will both choose an arbitrator through a process described in the Policy.  JAMS will send an identical list of arbitrators to the employee and Fannie Mae with a biography or resume for each person on the list.  Once both parties have eliminated arbitrator candidates and ranked the remaining names on the list, JAMS will choose the arbitrator, according to the rankings.

**Q.**  *What qualifications will the arbitrator have?*

**A.**  Arbitrators will be chosen from the JAMS employment panel, which includes many lawyers and retired judges.  In addition, the Policy requires that all arbitrator candidates have certain minimum qualifications, such as substantial experience in employment law.

**Q.**  *May I have any complaint arbitrated?*

**A.**  No.  The Policy applies only to claims that relate to employment or termination, and involve certain rights protected by law, such as the right to be free from discrimination or harassment.  The Office of Corporate Justice also will continue to handle these types of claims internally, as well as claims regarding Fannie Mae's Code of Business Conduct and the company's policies and practices.

**Q.**   *Must I submit a complaint to the Office of Corporate Justice before requesting arbitration?*

**A.**   In most cases, the arbitration process will be used only as an alternative for employees who are not satisfied with the results of an OCJ investigation or mediation. However, filing a complaint with the OCJ before requesting arbitration is not required by the Policy. The OCJ will continue to offer all employees its dispute resolution services, and most claims will be effectively resolved without arbitration. In addition, in any circumstance where an employee submits a claim to arbitration without first filing a complaint with the OCJ, the OCJ still may conduct an investigation, before or during the arbitration proceedings.

**Q.**   *Will I receive the arbitration decision in writing?*

**A.**   Yes, the arbitrator will issue to Fannie Mae and to you a written decision that includes a statement of the reasons supporting it. However, the decision and all other aspects of the arbitration are required to be kept confidential by both parties, except in the limited circumstances identified in the Policy.

**Q.**   *Can I submit the arbitration decision as evidence in court if I reject it and file a lawsuit?*

**A.**   Yes. You (or Fannie Mae) may use the arbitration decision in a lawsuit brought on the same facts.

**Q.**   *When will the Policy take effect and will it cover a complaint I have now?*

**A.**   The Policy takes effect on March 16, 1998. So, on or after that date, employees must arbitrate claims before filing suit, even if the facts or circumstances on which the claim is based occurred before then.

**Q.**   *Do I have to arbitrate my complaint before filing a charge with the Equal Employment Opportunity Commission?*

**A.**   No. The Policy does not change or affect an employee's right to file a charge or complaint, at any time, with the Equal Employment Opportunity Commission, or any other administrative or fair employment rights agency. Nor does the Policy prevent an employee from assisting or cooperating with any such agency's investigations or proceedings. However, if an employee has an administrative charge or complaint pending while arbitrating it under the Policy, Fannie Mae will request that the agency suspend action on it while the matter is arbitrated. Whether or not the agency agrees to suspend action, arbitration under the Policy will go forward. Once an arbitration decision is issued, the employee will be free to decide whether to reject it, but if the employee does not reject it as provided in the Policy, he or she will be bound by it and may not receive any award resulting from the administrative charge or complaint nor from any lawsuit brought by the agency on the employee's behalf.

**Q.**   *Will I be able to have a lawyer represent me in arbitration?*

**A.**   Yes.  You may have an attorney or other representative, at your own expense, present during any phase of arbitration.

**Q.**   *Will I lose pay or benefits while attending the arbitration hearing on my claim?*

**A.**   No.  The company will excuse from their business duties, without loss of pay or benefits, all employees (including the employee who has requested arbitration) who are needed for the arbitration hearing.

**Q.**   *Who is covered by the Policy?*

**A.**   All Fannie Mae employees and managers, in every level/Job Family and position from Executive Vice President down, are covered by the Policy and required to arbitrate before bringing suit in court.

**Q.**   *Can I reject only a portion of an arbitration decision and bring suit in court over the rest of it?*

**A.**   No.  You may reject only the entire arbitration decision.

**Q.**   *Can Fannie Mae reject an arbitration decision?*

**A.**   No.  The Policy gives this right only to the employee.

**Q.**   *Once a claim is submitted to arbitration, are the parties still free to try and resolve it through other means?*

**A.**   Yes.  For example, the Policy states that Fannie Mae and the employee may agree to mediate the dispute at any time before the arbitration hearing is held.

**Q.**   *Where can I get more information about arbitration?*

**A.**   JAMS provides a "hot-line" number, 1-800-219-9122, for Fannie Mae employees to call, Mondays through Fridays from 9:00 a.m. - 6:00 p.m. (E.S.T.), with any questions about arbitration.  Employees also are welcome to call the OCJ, (202) 752-7951, for information during working hours.  In addition, the OCJ will answer questions posted on its cc:Mail bulletin board, "OCJ."  All employee requests for anonymity will be honored.

**Q.**   *Is the Dispute Resolution Policy a contract?*

**A.**   Yes.  The Policy binds Fannie Mae and all persons who started or continued their Fannie Mae employment on or after March 16, 1998.  This means that if you start or continue to work for Fannie Mae on or after that date, you are accepting the Policy and agreeing to be bound by it.

**Q.**   *Where will arbitration hearings be held?*

**A.**   JAMS will decide on a location for the hearing, taking into account the convenience and resources of Fannie Mae and the employee.

4

**Q.**  *Does the new Policy change where I should go internally if I have a complaint or dispute?*

**A.**  No. You still are encouraged to resolve disputes through your chain of command. If you choose not to resolve the dispute through the chain of command, or if you are not satisfied with the attempted resolution, you can still can go directly to the Office of Corporate Justice, HR Account Team, or HR Regional Director. The Policy does not change your continuing obligation to internally report alleged misconduct described in the Code of Business Conduct.

**Q.**  *Who decides if my claim is covered under the Policy?*

**A.**  The arbitrator. The Policy covers only claims involving rights protected by law, so the arbitrator will look to the applicable law to decide if a claim is covered.

**Q.**  *What can I do if I don't like or agree with the arbitrator's decision?*

**A.**  You may, within 30 calendar days of the date of the decision, reject it by sending a completed "Rejection of Arbitration Award" form to JAMS and the OCJ. After this is done, you may bring suit on the claim in court at your own expense.

**Q.**  *Will the Policy still apply to me if I am terminated or laid off from employment with Fannie Mae?*

**A.**  The Policy will not apply to employees who were terminated or laid off from employment with Fannie Mae prior to March 16, 1998. The Policy will apply to all persons who are employed by Fannie Mae on or after March 16, 1998.

**Q.**  *What types of documents can be obtained in the exchange of information?*

**A.**  A party to the arbitration may obtain documents that are not protected by privilege (such as attorney-client privilege) and that contain information relevant to the claim.

**Q.**  *What happens if I file a lawsuit against Fannie Mae, involving a claim covered by the Policy, before arbitrating it?*

**A.**  Fannie Mae will ask the court to order you to arbitrate the claim under the Policy.

**Q.**  *How will the OCJ be involved in the arbitration process?*

**A.**  The OCJ will answer employees' questions about arbitration and the Policy, and make appropriate forms available for requesting arbitration and for rejecting an arbitration decision.

**EXHIBIT 4**

**TO**

**ATTACHMENT A**

EMPLOYMENT ARBITRATION RULES
AND PROCEDURES
PAGE 1

---

## NOTICE

*These rules are the copyrighted property of J•A•M•S/ENDISPUTE. They cannot be copied, reprinted or used in any way without permission of J•A•M•S/ENDISPUTE, unless they are being used by the parties to an arbitration as the rules for that arbitration. If they are being used as the rules for an arbitration, proper attribution must be given to J•A•M•S/ENDISPUTE. If you wish to obtain permission to use our copyrighted materials, please contact our Corporate Office at 714-224-1810.*

---

## J•A•M•S/ENDISPUTE ARBITRATION
## RULES AND PROCEDURES FOR
## EMPLOYMENT DISPUTES

**Rule 1**          **Scope of Rules**

The J A M S/ENDISPUTE Arbitration Rules and Procedures for Employment Disputes ("Rules") govern binding Arbitrations of employment-related disputes or claims that are administered by J A M S/ENDISPUTE.

**Rule 2**          **Party-Agreed Procedures**

The Parties may agree on any procedures not specified herein that are consistent with both applicable law and the J A M S/ENDISPUTE Minimum Standards of Procedural Fairness for Employment Arbitrations. The Parties will promptly notify the J A M S/ENDISPUTE Case Administrator of any Party-agreed procedures and will confirm these procedures in writing. The Party-agreed procedures will be enforceable as if contained in these Rules. These Rules will control any matters not changed by the Party-agreed procedures.

**Rule 3**          **Amendment of Rules**

COPYRIGHT 1997 J•A•M•S/ENDISPUTE -1.97

J A M S/ENDISPUTE may amend these Rules without notice. The Rules in effect on the date of the commencement of an Arbitration (as defined in Rule 5) will apply to that Arbitration, unless the parties have specified that another version of the Rules applies.

## Rule 4        Conflict with Law

If any of these Rules, or a modification of these Rules agreed on by the Parties, is discovered to be in conflict with a mandatory provision of applicable law, the provision of law will govern, and no other Rule will be affected.

## Rule 5                    Commencing an Arbitration

(a) A J A M S/ENDISPUTE Employment Arbitration is commenced by either:

(i) the submission to J A M S/ENDISPUTE by all Parties of a fully executed J A M S/ENDISPUTE Arbitration Agreement; or

(ii) the submission to J A M S/ENDISPUTE of a pre-dispute written contractual provision requiring the Parties to arbitrate the employment dispute or claim, along with either written evidence of the intent of all Parties to comply with the requirement or a written demand by one Party that the other Party(ies) comply with the requirement and evidence that such written demand has been served on the other Party(ies) in accordance with either the pre-dispute written contractual provision or Rule 7, including, if appropriate, proof of service in accordance with the Federal Rules of Civil Procedure; or

(iii) the oral agreement of all Parties to participate in an Arbitration conducted pursuant to these Rules.

The Arbitration process is considered commenced when J A M S/ENDISPUTE confirms in writing that the above requirements for commencement have been met. The date of commencement of the Arbitration is the date of J A M S/ENDISPUTE's commencement letter.

In the event of an oral agreement to participate in an Arbitration, even if the

COPYRIGHT 1997 J•A•M•S/ENDISPUTE -1.97

Arbitration is commenced with the issuance of a J A M S/ENDISPUTE commencement letter, the Arbitration Hearing will not take place until all Parties have executed an Arbitration Agreement.

(b) If a Party that is a signatory to a pre-dispute written contractual provision fails to agree to participate in the Arbitration process, J A M S/ENDISPUTE will confirm in writing the failure to respond or participate and, pursuant to Rule 17, will schedule, and provide appropriate notice of a Hearing or other opportunity for the Party demanding the Arbitration to demonstrate its entitlement to relief.

(c) If a Party contests the enforceability of an Arbitration agreement executed as a condition of initial or continued employment, J A M S/ENDISPUTE will, upon notice of such dispute, defer administering the Arbitration or taking any other related steps for forty-five (45) calendar days, in order to allow the Party contesting the enforceability of the Arbitration agreement to seek judicial determination of the enforceability of the clause or arbitrability of the underlying issue. J A M S/ENDISPUTE will comply with any such determination. If there is no judicial determination within a reasonable period of time after the receipt by J A M S/ENDISPUTE of the Arbitration demand, J A M S/ENDISPUTE will resume administering and conducting the Arbitration, including resolving questions of arbitrability pursuant to Rule 8.

(d) Service under these Rules will be made by providing one copy of the document with original signatures to each Party and two copies with original signatures to the Case Administrator. Service may be made by hand-delivery, by overnight delivery service, by U.S. mail or in accordance with the Federal Rules of Civil Procedure. Service is considered effective upon the date of receipt of the document or as otherwise set forth in the Federal Rules of Civil Procedure. Service by facsimile transmission is considered effective upon receipt, but only if followed within one week of delivery by service of an appropriate number of copies with original signatures by one of the other service methods.

**Rule 6**                          **Preliminary Conference**

COPYRIGHT 1997 J•A•M•S/ENDISPUTE -1.97

EMPLOYMENT ARBITRATION RULES
AND PROCEDURES
PAGE 4

(a) The Case Administrator[1] may conduct a Preliminary Conference with the Parties by telephone. This conference may occur within fourteen (14) calendar days after the date of commencement of the Arbitration if the Arbitration was commenced under the circumstances described in Rule 5 (a) (ii). This conference may occur within seven (7) calendar days after the date of commencement of the Arbitration in all other circumstances. Unless the Parties agree otherwise, if for any reason the conference does not take place within the time specified above, the Case Administrator will proceed with the Arbitrator selection process pursuant to Rule 12 (c) as if the preliminary conference had, if fact, been held.

(b) During the preliminary conference, the Case Administrator and Parties will discuss Arbitrator selection, scheduling of the Arbitration Hearing, and other procedural issues. At the request of a Party and in the absence of Party agreement, the Case Administrator may make a determination regarding the location of the Hearing, subject to Arbitrator review. In determining the location of the Hearing, the Case Administrator will take into account such factors as the convenience of the Parties and witnesses as well as the relative resources of the Parties, but in no event will the Hearing be scheduled in a location that makes attendance by the Employee impossible.

(c) During the Preliminary Conference, the Case Administrator may ask the Parties if they agree to the Optional Appeal Procedure set forth in Rule 20. All Parties must agree in writing for the Optional Appeal Procedure to be effective. Once a Party has agreed to the Optional Appeal Procedure, it cannot unilaterally withdraw from it, unless it withdraws, pursuant to Rule 10, from the Arbitration. The Parties may subsequently agree to the Optional Appeal Procedure at any time prior to the Arbitration Award becoming final pursuant to Rule 19.

(d) At any subsequent time, the Case Administrator may convene, or the Parties may request, additional conferences to discuss administrative or procedural matters.

---

[1] All decisions to be made under these Rules by the Case Administrator will be made under the supervision of the Director of Professional Services, Senior Judicial Officer or other "lead neutral" in the particular JAMS/ENDISPUTE office.

COPYRIGHT 1997 J•A•M•S/ENDISPUTE -1.97

EMPLOYMENT ARBITRATION RULES
AND PROCEDURES
PAGE 5

**Rule 7**                    **Notice of Claims**

(a) If a matter has been submitted for a J A M S/ENDISPUTE Employment Arbitration after a litigation has been commenced in court regarding the same claim or dispute, the pleadings in the court case, including the Complaint and Answer (with affirmative defenses and counter claims, if any), will be served on J A M S/ENDISPUTE and will be considered part of the record of the Arbitration.  It will be assumed that the existence of such pleadings constitutes appropriate notice to the Parties of the claims, remedies sought, counterclaims or affirmative defenses that each has.  If necessary, such notice may be supplemented pursuant to Rule 7 (b).

(b) If a matter has been submitted prior to or in lieu of the filing of the case in court or prior to the filing of an Answer, the Parties must give each other notice of all claims, remedies sought, counterclaims or affirmative defenses that each has.  Such notice may be served upon the other Party(ies), and upon J A M S/ENDISPUTE, of either an appropriate pleading (in the form of either a Complaint or Answer) or a letter.  The letter should include a short statement of the factual basis for the claim, remedies sought, counterclaim or affirmative defense.  Such notice should be served simultaneously within seven (7) calendar days of the date of commencement of the Arbitration, or by such other date or in such other sequence as the Parties may agree, but in no event later than seven (7) calendar days before the Arbitration Hearing.

(c) No claim, remedy, counterclaim or affirmative defense will be considered by the Arbitrator in the absence of prior notice to the other Party(ies), unless all Parties agree that such consideration is appropriate notwithstanding the lack of prior notice.

(d) If any Party fails to respond to a claim or fails to reply to a counterclaim, that Party will be deemed to have denied the claims or counterclaims made against it but to have waived the right to assert other claims or challenges to jurisdiction.

COPYRIGHT 1997 J•A•M•S/ENDISPUTE -1.97

EMPLOYMENT ARBITRATION RULES
AND PROCEDURES
PAGE 6

**Rule 8**          **Interpretation of Rules/Jurisdiction**

(a) Once appointed, the Arbitrator will resolve disputes about the interpretation and applicability of these Rules. including disputes relating to the duties of the Arbitrator and the conduct of the Arbitration Hearing. The resolution of the issue by the Arbitrator is final. The Arbitrator will also determine jurisdictional or arbitrability disputes such as disputes over the existence. validity. interpretation or scope of the agreement under which arbitration is sought. unless the relevant law requires that a court make such determinations and subject to the provisions of Rule 5 (c).

(b) Disputes arising before the appointment of the Arbitrator will be resolved by the Case Administrator. but only those disputes relating to jurisdiction and to the location and conduct of the Hearing are subject to subsequent review by the Arbitrator.

(c) The Arbitrator upon good cause shown, or at his/her discretion only when necessary to facilitate the Arbitration, may extend any deadlines stated in these Rules, except the time for making the Award.

**Rule 9**          **Representation**

The Parties may be represented by attorneys. Such representation is encouraged. Each Party will promptly notify in writing the Case Administrator and the other Party(ies) of the name. address and telephone and fax numbers of its representative. The representative of a Party may act on the Party's behalf in complying with these Rules. An unrepresented Party may be accompanied to the Arbitration Hearing by a friend or family member.

**Rule 10**          **Withdrawal from Arbitration**

(a) No Party may terminate or withdraw from an Arbitration after it commences (as defined in Rule 5) except. by written agreement of all Parties to the Arbitration.

(b) A Party that asserts a claim or counterclaim may unilaterally withdraw that claim or counterclaim without prejudice by serving written notice on the other Party(ies) and on the

COPYRIGHT 1997 J•A•M•S/ENDISPUTE -1.97

Arbitrator(s). However, the opposing Party(ies) may, within fourteen (14) calendar days of having received notice of the withdrawal of the claim or counterclaim, request that the Arbitrator(s) deem that the withdrawal is with prejudice.

## Rule 11    *Ex Parte* Communications

No Party will have any *ex parte* communication with the Arbitrator regarding any issue related to the Arbitration.    Any necessary *ex parte* communication with J A M S/ENDISPUTE, whether before or after the Arbitration Hearing, will be conducted through the Case Administrator.

## Rule 12    Arbitrator Selection and Replacement

(a) J A M S/ENDISPUTE Employment Arbitrations will be conducted by one neutral Arbitrator.

(b) Unless the Arbitrator has been previously selected by agreement of the Parties, the Case Administrator at the Preliminary Conference may recommend appropriate Arbitrator candidates. The Case Administrator may attempt during the Preliminary Conference to reach agreement among the Parties regarding the selection of the Arbitrator.

(c) If the Parties do not agree on an Arbitrator within seven (7) calendar days of when the Preliminary Conference was or should have been held, the Case Administrator will send the Parties a list of Arbitrators numbering one more than the number of Parties in the dispute. J A M S/ENDISPUTE will also provide each Party with a brief description of the background and experience of each Arbitrator candidate.    Any Party may challenge an Arbitrator candidate for cause.    The Director of Professional Services, Senior Judicial Officer or other "lead neutral" of the particular J A M S/ENDISPUTE office will promptly rule on such challenge, and his or her decision will be final. If a challenge for cause is upheld, a replacement name will be sent to the Parties.

Within seven (7) calendar days of the sending of the final list of names, each Party may strike one name from the final list, and will rank the other Arbitrator candidates in order

COPYRIGHT 1997 J•A•M•S/ENDISPUTE -1.97

of preference.  If each Party strikes a different candidate, the remaining Arbitrator candidate will become the Arbitrator.  If there is more than one candidate remaining after the Parties strike, the candidate with the highest total ranking by the Parties will become the Arbitrator. If a Party fails to respond to the list of Arbitrator within seven (7) calendar days of the sending of the final list of names, the Case Administrator will deem that Party to have accepted all of the Arbitrator candidates.

If this procedure does not result in the selection of an Arbitrator, J A M S/ENDISPUTE will designate the Arbitrator.

(d) If for any reason the Arbitrator who is selected is unable to fulfill the Arbitrator's duties, a successor Arbitrator will be chosen in accordance with this Rule.

(e) Any disclosures that are mandated by applicable law regarding the selected Arbitrator(s) will be made within fourteen (14) calendar days from the date of appointment.

(f) The obligation of the Arbitrator(s) to make all disclosures that are mandated by applicable law will continue throughout the Arbitration process. At any time during the Arbitration process, a Party may challenge the continued service of an Arbitrator for cause. The challenge must be based upon information that was not available to the Parties at the time the Arbitrator was selected. The Director of Professional Services, Senior Judicial Officer or other "lead neutral" of the particular J A M S/ENDISPUTE office will promptly rule on such challenges, and his or her decision will be final.

## Rule 13        Exchange of Information

(a) The Parties will cooperate in good faith in the voluntary, prompt and informal exchange of all non-privileged documents and information relevant to the dispute or claim, including copies of all documents in their possession or control on which they rely in support of their positions or which they intend to introduce as exhibits at the Arbitration Hearing, the names of all individuals with knowledge about the dispute or claim and the names of all experts who may be called upon to testify or whose report may be introduced at the Arbitration Hearing.  The Parties and the Arbitrator will make every effort to conclude the

COPYRIGHT 1997 J•A•M•S/ENDISPUTE -1.97

document and information exchange process within fourteen (14) calendar days after all pleadings or notices of claims have been received but in no event later than fourteen (14) calendar days before the Arbitration Hearing.

(b) Each Party will have the right to take the deposition of the opposing party or of one individual under the control of the opposing Party. The Parties will attempt to agree on the time, location and duration of the deposition; and if the Parties do not agree these issues will be determined by the Arbitrator. Any Party may conduct depositions of its own witnesses, which may be introduced as evidence at the Arbitration Hearing if the other Party was given fair opportunity to attend the deposition and cross-examine the witnesses.

(c) Upon the request of any Party, the Arbitrator may conduct a conference for the purpose of establishing an Information Exchange schedule or determining whether any additional information should be exchanged, including whether any additional depositions may be taken. If the Arbitrator determines that the requesting Party has a reasonable need for the requested information, and that the request is not overly burdensome on the opposing Party, the Arbitrator may order the additional information exchange. The producing Party will promptly comply with any directive of the Arbitrator by the date specified by the Arbitrator which in no event will be later than fourteen (14) calendar days before the Arbitration Hearing.

(d) As they become aware of new documents or information, including experts who may be called upon to testify, all Parties remain under a continuing obligation to provide relevant, non-privileged documents, to supplement their identification of witnesses and experts, and to honor any informal agreements or understandings between the Parties regarding documents or information to be exchanged. Documents that have not been previously exchanged, or witnesses and experts not previously identified, will not be considered by the Arbitrator at the Hearing, unless agreed by the Parties.

(e) The Parties will promptly notify the Case Administrator when an unresolved dispute exists regarding discovery issues. The Case Administrator may attempt to facilitate an informal resolution of the dispute by the Parties themselves. If the dispute is not informally resolved, the Case Administrator will arrange a conference with the Arbitrator, either by

COPYRIGHT 1997 J•A•M•S/ENDISPUTE -1.97

telephone or in person, and the Arbitrator will decide the dispute. With the consent of all Parties, the Arbitrator may appoint a special master to assist in resolving the dispute.

## Rule 14    Scheduling of the Hearing

The Arbitrator, after consulting with the Parties who have appeared, will determine the date and time of the Hearing. Absent unusual circumstances, the Arbitration Hearing will begin within sixty (60) calendar days of the commencement of the Arbitration. The Arbitrator and the Parties will attempt to schedule consecutive Hearing days if more than one day is necessary.

If a Party has failed to answer a claim and J•A•M•S/ENDISPUTE reasonably believes that the Party will not participate in the Hearing, the Arbitrator may set the Hearing Date(s) without consulting with that Party. The non-participating Party will be served with a Notice of Hearing at least thirty (30) calendar days prior to the scheduled date unless the law of the relevant jurisdiction allows for shorter notice.

## Rule 15    Pre-Hearing Submissions

(a) For complex cases or in unusual circumstances, the Arbitrator may require a pre-Hearing conference for the purposes of narrowing the focus of the Arbitration Hearing by stipulations of fact or joint statements of issues to be determined and of resolving any outstanding issues relating to the conduct of the Hearing. The pre-Hearing conference may be conducted by telephone.

(b) At least seven (7) calendar days before the Arbitration Hearing, the Parties will exchange a list of the witnesses they intend to call, including any experts, a short description of the anticipated testimony of each such witness, the anticipated length of the direct testimony of the witnesses, and a list of exhibits. In addition, at least seven (7) calendar days before the Arbitration Hearing, the Parties will exchange copies of all exhibits intended to be used at the Hearing to the extent that any such exhibit has not been previously exchanged. The Parties should pre-mark exhibits and should attempt themselves to resolve any disputes

COPYRIGHT 1997 J•A•M•S/ENDISPUTE -1.97

EMPLOYMENT ARBITRATION RULES
AND PROCEDURES
PAGE 11

regarding the admissibility of exhibits prior to the Hearing. The list of witnesses with the description and anticipated length of their testimony and the copies of all exhibits that the Parties intend to use at the Hearing, in pre-marked form, should also be provided to J A M S/ENDISPUTE for transmission to the Arbitrator, whether or not the Parties have stipulated to the admissibility of all such exhibits.

(c) The Parties may submit, and in complex cases or in unusual circumstances the Arbitrator may require that all Parties submit, concise written statements of position. The statement should not exceed ten (10) pages in length, and should be submitted to the Arbitrator, and provided to the other Party(ies), at least seven (7) calendar days before the Hearing date. Rebuttal statements or other pre-Hearing written submissions may be permitted or required at the discretion of the Arbitrator.

## Rule 16    Securing Witnesses and Documents for the Arbitration Hearing

At the request of another Party, all other Parties will produce for the Arbitration Hearing all witnesses in their employ or under their control and without need of subpoena. The Arbitrator may issue subpoenas for the attendance of witnesses or the production of documents. In the event a Party or a subpoenaed person objects to the production of a witness or other evidence, the Party may file an objection with the Arbitrator, who will promptly rule on the objection, weighing both the burden on the producing Party and the need of the proponent for the witness or other evidence.

## Rule 17    The Arbitration Hearing

(a) It is expected that the Employee will attend the Arbitration Hearing, as will any other individual Party with information about a significant issue.

(b) The Arbitrator will require witnesses to testify under oath if requested by any Party.

(c) The Arbitrator will determine the order of proof, which will generally be similar to that of a court trial.

COPYRIGHT 1997 J•A•M•S/ENDISPUTE -1.97

(d) The Arbitrator will consider evidence that he or she finds relevant and material to the dispute, giving the evidence such weight as he or she determines is appropriate. The Arbitrator may be guided in that determination by the Federal Rules of Evidence or by any other applicable judicial rules of evidence; however, strict conformity to such rules of evidence is not required, except that the Arbitrator will apply the law relating to privileges and work product. The Arbitrator may limit testimony to exclude evidence that would be immaterial or unduly repetitive, provided that all Parties are afforded the opportunity to present material and relevant evidence.

(e) The Arbitrator(s) will receive and consider witnesses' deposition testimony recorded by transcript or videotape, provided that the other Parties have had the opportunity to attend and cross-examine. The Arbitrator(s) may in his or her discretion consider witness affidavits or other recorded testimony even if the other parties have not had the opportunity to cross-examine, but will give that evidence only such weight as the Arbitrator(s) deems appropriate.

(f) The Parties will not offer as evidence, and the Arbitrator will neither admit into the record nor consider, prior settlement offers by the Parties or statements or recommendations made by a mediator or other person in connection with efforts to resolve the dispute being arbitrated.

(g) When the Arbitrator determines that all relevant and material evidence and arguments have been presented, the Arbitrator will declare the Hearing closed. Post-Hearing briefs will not be required, unless the Parties and the Arbitrator agree that they are necessary. If post-Hearing briefs are to be submitted, the Hearing will be deemed closed upon receipt by the Arbitrator of such briefs.

(h) The Arbitrator may proceed with the Hearing in the absence of a Party who, after having executed an arbitration agreement, or who is otherwise bound to arbitrate the dispute, and after having received reasonable notice of the Hearing, fails to attend. The Arbitrator may not render an Award solely on the basis of the default or absence of the Party, but will require any Parties who are present to submit such evidence as the Arbitrator may require for the rendering of an Award. If J A M S/ENDISPUTE reasonably believes that a Party will not

COPYRIGHT 1997 J•A•M•S/ENDISPUTE -1.97

attend the Hearing, the Arbitrator may receive the evidence necessary to render an Award either by a telephone conference or by affidavit.

(i) Any Party may request that a stenographic or other record be made of the Hearing, provided that the requesting Party bear the cost of such stenographic record and that the original of the record be maintained by the reporting service so that the other Party(ies) has equal access to it. If a stenographic or other record is made of the Hearing, the requesting Party(ies) will provide a copy to the Arbitrator. If the Parties agree to the Optional Appeal Procedure as set forth in Rule 20, they will ensure that a stenographic or other record is made of the Hearing and will share the cost.

## Rule 18    Waiver of Hearing

The Parties may agree to waive oral Hearing and submit the dispute to the Arbitrator for an Award based on written submissions and other evidence upon which the Parties agree.

## Rule 19    The Award

(a) Absent good cause for an extension, the Arbitrator will render the Award within thirty (30) calendar days after the date of the closing of the Hearing or, if an Arbitration Hearing has been waived, within thirty (30) calendar days after the date of the Arbitrator's receiving all materials specified by the Parties.

(b) In determining the Award, the Arbitrator will apply the applicable law, including relevant statutes and statutes of limitations, to the facts found at the Arbitration.

(c) The Arbitrator is authorized to Award any remedy allowed by the applicable law, including multiple or exemplary damages, pre- or post-judgment interest and attorneys' fees and expenses. The authority to Award any remedy allowed by the applicable law is subject to whatever limitations, if any, exist in the applicable law on such remedies. The Arbitrator is also authorized to grant final or interlocutory relief, including injunctive relief, unless the Parties agree that certain relief may only be awarded by a court or as a matter of applicable law certain relief may only be awarded by a court.

COPYRIGHT 1997 J•A•M•S/ENDISPUTE -1.97

(d) The Award will consist of a written statement signed by the Arbitrator regarding the disposition of each claim and the relief, if any, awarded as to each claim. The Arbitrator may also provide, unless both parties request otherwise, a concise written statement of his or her reasons for the Award, but this statement will not become part of the Award nor be admissible in any judicial proceeding to enforce or vacate the Award.

(e) Within seven (7) calendar days after issuance of the Award, any Party, with written notice to all other Parties, may request that the Arbitrator correct any computational, typographical or similar error in an Award, or the Arbitrator may correct such errors in the Award on his or her own initiative. The Arbitrator will make any necessary and appropriate correction to the Award within seven (7) calendar days of receiving a request, provided that the other Party(ies) has had a reasonable opportunity to respond.

(f) The Award is considered final, for purposes of either the Optional Appeal Procedure pursuant to Rule 20 or for purposes of a judicial proceeding to enforce, modify or vacate the Award pursuant to Rule 21, after seven (7) calendar days of issuance of the Award, if no request for a correction is made, or as of the date of issuance of a corrected Award.

## Rule 20    Optional Appeal Procedure

(a) The Appeal Panel will consist of three neutral members, unless the Parties agree that there will be one neutral member. Upon receipt by the Case Administrator of the written agreement of the Parties to the Optional Appeal Procedure, the Case Administrator will recommend to the Parties an Appeal Panel and will make any disclosures that are mandated by applicable law regarding the candidates for the Panel. The Case Administrator will seek the agreement of the Parties as to the selection of Appeal Panel members. If the Parties do not agree on the composition of the Appeal Panel within seven (7) calendar days of having received the Case Administrator recommendation for the Appeal Panel, the Case Administrator will appoint an Appeal Panel.

(b) The procedure for filing and arguing an Appeal is as follows:

COPYRIGHT 1997 J•A•M•S/ENDISPUTE -1.97

EMPLOYMENT ARBITRATION RULES
AND PROCEDURES
PAGE 15

(i) If all Parties have agreed to the Optional Appeal Procedure. any party may Appeal an Arbitration Award that has been rendered pursuant to Rule 19 and has become final. The Appeal must be served. in writing, to the Case Administrator and on the opposing Party(ies) within fourteen (14) calendar days after the Award has become final. The letter or other writing evidencing the Appeal must specify those elements of the Award that are being appealed and must contain a brief statement of the basis for the Appeal.

(ii) Within seven (7) calendar days of the service of the Appeal. the opposing Party(ies) may serve on the Case Administrator and on the opposing Party(ies) a Cross-Appeal with respect to any element of the Award. The letter or other writing evidencing the Cross-Appeal must specify those elements of the Award that are being appealed and must contain a brief statement of the basis for the Cross-Appeal.

(iii) The record on Appeal may consist of the stenographic or other record of the Arbitration Hearing and all exhibits. deposition transcripts and affidavits that had been accepted into the record of the Arbitration Hearing by the Arbitrator. The Parties will cooperate with the Case Administrator in compiling the record on Appeal. and the Case Administrator will provide the record to the Appeal Panel. No evidence not previously accepted by the Arbitrator will be considered by the Appeal Panel. unless the basis of the Appeal is non-acceptance by the Arbitrator of certain evidence or unless the Appeal Panel determines that there is good cause to re-open the record pursuant to Rule 20 (d).

(iv) The Parties may elect to rely on the memoranda or briefs previously submitted to the Arbitrator. In the absence of such election; the Case Administrator may obtain the agreement of the Parties on a briefing schedule. If no agreement is reached. the Case Administrator will set the briefing schedule. Ordinarily, only opening briefs (of no more than 25 double-spaced pages) and response briefs (of no more than 15 double-spaced pages) will be allowed. The briefs may be in the form of a letter.

(v) The Appeal Panel will conduct an oral argument if all Parties request such argument or may conduct oral argument. in complex cases or unusual circumstances. on its own initiative. If there is to be oral argument. the Case Administrator will obtain the agreement of the Parties on both the date of such argument and the duration. including the

COPYRIGHT 1997 J•A•M•S/ENDISPUTE -1.97

EMPLOYMENT ARBITRATION RULES
AND PROCEDURES
PAGE 16

allocation of time. In the absence of agreement, the Appeal Panel will set the date and duration of the oral argument, including the allocation of time.

(c) Once an Appeal has been timely filed, the Arbitration Award is no longer considered final for purposes of seeking judicial enforcement, modification or vacating pursuant to Rule 21.

(d) The Appeal Panel will apply the same standard of review as the first-level appellate court in the jurisdiction would apply under similar circumstances and will also apply the grounds for review under the applicable Arbitration review statute. The Appeal Panel will respect the evidentiary standard set forth in Rule 17 (d). The Panel may affirm, reverse or modify an Award. It may not remand to the original Arbitrator, but may re-open the record in order to review evidence that had been improperly excluded by the Arbitrator or evidence that is now necessary in light of the Panel's interpretation of the relevant substantive law. A three-member Appeal Panel will make its decision by majority vote and, absent good cause for an extension, will issue the decision within twenty-one (21) calendar days of the date of either oral argument, the receipt of the new evidence or receipt of the record and of all briefs, whichever is applicable or later. Its decision will consist of a concise written explanation, unless all Parties agree otherwise.

(e) If a Party refuses to participate in the Optional Appeal Procedure after having agreed to do so, the Appeal Panel will maintain jurisdiction over the Appeal and will consider the Appeal as if all Parties were participating, including retaining the authority to modify any Award or element of an Award that had previously been entered in favor of the non-participating Party, assuming it believes that the record, after application of the appropriate standard of Appeal, justifies such action.

(f) J A M S/ENDISPUTE will serve the Appeal Panel decision on the Parties. Upon service of the Appeal Panel decision, the Award will be final for purposes of judicial review.

## Rule 21   Enforcement of the Award

Proceedings to enforce, confirm, modify or vacate an Award will be controlled by and

COPYRIGHT 1997 J•A•M•S/ENDISPUTE -1.97

EMPLOYMENT ARBITRATION RULES
AND PROCEDURES
PAGE 17

conducted in conformity with the Federal Arbitration Act. 9 U.S.C. Sec 1 *et seq.* or applicable state law.

## Rule 22    Confidentiality and Privacy

(a) The Parties. the Case Administrator. and the Arbitrator will maintain the confidential nature of the Arbitration proceeding and the Award. including the Hearing and the written explanation of the Award. except as necessary in connection with a judicial challenge to or enforcement of an Award. or unless otherwise required by law or judicial decision.

(b) The Arbitrator may issue orders to protect the confidentiality of proprietary information. trade secrets or other sensitive information.

(c) Subject to the discretion of the Arbitrator or agreement of the Parties. and subject to Rule 9. any person having a direct interest in the Arbitration may attend the Arbitration Hearing. The Arbitrator will have the discretion to exclude any non-Party from any part of a Hearing.

## Rule 23    Waiver Of Objection

If a Party becomes aware of a violation or failure to comply with these Rules and fails promptly to object in writing. the objection will be deemed waived. unless the Arbitrator determines that the waiver will cause substantial injustice or hardship.

## Rule 24    Settlement and Consent Award

(a) The Parties may agree. at any stage of the Arbitration process. to submit the case to J A M S/ENDISPUTE for mediation. The J A M S/ENDISPUTE mediator assigned to the case will not be the Arbitrator or a member of the Appeal Panel. unless the Parties so agree pursuant to Rule 24 (b).

COPYRIGHT 1997 J•A•M•S/ENDISPUTE -1.97

(b) The Parties may also agree to seek the assistance of the Arbitrator(s) in reaching settlement. However, the Parties must confirm in writing that the assistance of the Arbitrator(s) in such settlement efforts will not disqualify the Arbitrator(s) from serving as Arbitrator(s) if settlement is not reached nor will such assistance be argued to a reviewing court as the basis for vacating or modifying an Award.

(c) If the Parties inform the Case Administrator in writing that they have reached a settlement, the Arbitration will be deemed terminated. If the Parties request, the Arbitrator(s) may set forth the terms of the agreed settlement in an Award that will be referred to as a Consent Award, or the Arbitrator may sign a Consent Award prepared by the Parties. The Consent Award will be binding on the Parties and will be deemed the Award of the Arbitrator for purposes of enforcement.

## Rule 25    Sanctions

The Arbitrator may Award appropriate sanctions for failure of a Party to comply with its obligations under any of these Rules. These sanctions may include, but are not limited to, assessment of costs, prohibition of certain evidence, or in extreme cases ruling on an issue submitted to Arbitration adversely to the Party who has failed to comply.

COPYRIGHT 1997 J•A•M•S/ENDISPUTE -1.97

**Rule 26    Disqualification of the Arbitrator As a Witness or Party and
Exclusion of Liability**

The Parties will not call the Arbitrator, Case Administrator, Director of Professional Services, Senior Judicial Officer nor any other J A M S/ENDISPUTE employee or agent as a witness or as an expert in any pending or subsequent litigation or other proceeding involving the Parties and relating to the dispute that is the subject of the Arbitration. The Arbitrator, Case Administrator, Director of Professional Services, Senior Judicial Officer and other J A M S/ENDISPUTE employees and agents are also disqualified as witnesses or experts. The Parties will defend the Arbitrator, Case Administrator, Director of Professional Services, Senior Judicial Officer and J A M S/ENDISPUTE from any subpoenas from outside Parties arising from the Arbitration. Neither the Arbitrator, Case Administrator, Director of Professional Services, Senior Judicial Officer nor J A M S/ENDISPUTE is a necessary Party in any litigation or other proceeding relating to the Arbitration or the subject matter of the Arbitration, and neither the Arbitrator, Case Administrator, Director of Professional Services, Senior Judicial Officer nor J A M S/ENDISPUTE, including its employees or agents, will be liable to any Party for any act or omission in connection with any Arbitration conducted under these Rules.

**Rule 27    Fees**

(a) Each Party will pay its *pro-rata* share of J A M S/ENDISPUTE's fees and expenses as set forth in the J A M S/ENDISPUTE fee schedule in effect at the time of the commencement of the Arbitration, unless the Parties agree on a different allocation of fees and expenses. To the extent possible, the allocation of such fees and expenses will not be disclosed to the Arbitrator(s).
J A M S/ENDISPUTE's agreement to render services is not only with the Party, but also with the attorney or other representative of the Party in the Arbitration.

(b) J A M S/ENDISPUTE may require that the Parties deposit the fees and expenses for the Arbitration prior to the Hearing and may preclude a Party that has failed to deposit its *pro-rata* or agreed-upon share of the fees and expenses from offering evidence at the Hearing. J A M S/ENDISPUTE may waive the deposit requirement upon a showing of good cause.

COPYRIGHT 1997 J•A•M•S/ENDISPUTE -1.97

(c) The Parties are jointly and severally liable for the payment of the fees and expenses of J•A•M•S/ENDISPUTE, unless the parties and J A M S/ENDISPUTE have agreed otherwise. In the event that one Party has not appeared and the other Party has paid the full amount of the fees, and absent an allocation agreement requiring one Party to pay the full amount of the fees, the Arbitrator will Award the defaulting Party's share of the fee obligation against it and in favor of the Party that has paid. In addition, the Arbitrator may award against any costs that the Party owes with respect to the Arbitration.

Rule 28    Bracketed (or High-Low) Arbitration Option

(a) At any time before the issuance of the Arbitration Award, the Parties may agree, in writing, on minimum and maximum amounts of damages that may be awarded on each claim or on all claims in the aggregate.  The Parties will promptly notify the Case Administrator and provide to the Case Administrator a copy of their written agreement setting forth the agreed upon maximum and minimum amounts.

(b) The Case Administrator will not inform the Arbitrator of the agreement to proceed with this option nor of the agreed upon minimum and maximum levels, unless all Parties agree that he or she should so inform the Arbitrator.

(c) The Arbitrator will render the Award within thirty (30) calendar days after the date of the closing of the Hearing or, if an Arbitration Hearing has been waived, within thirty (30) calendar days after the date of the Arbitrator's receiving all materials specified by the Parties. In rendering the Award the Arbitrator will apply the standard set forth in Rule 19 (b).  The form of the final Award will be governed by Rule 19 (d).

(d) In the event that the Arbitrator's Award is in between the agreed upon minimum and maximum amounts, the Arbitrator's Award will become final as is.  In the event that the Arbitrator's Award is below the agreed upon minimum amount, the final Arbitration Award issued will be at the agreed upon minimum amount.  In the event that the Arbitrator's Award is above the agreed upon maximum amount, the final Arbitration Award issued will be the agreed upon maximum amount.

COPYRIGHT 1997 J•A•M•S/ENDISPUTE -1.97

**Rule 29        "Final Offer (or Baseball)" Arbitration Option**

(a) Upon agreement of the Parties to utilize the option set forth in this Rule, at least seven (7) calendar days before the Arbitration Hearing, the Parties will exchange and provide to the Case Administrator written proposals for the amount of money damages they would offer or demand, as applicable, and that they believe to be appropriate based on the standard set forth in Rule 19 (b). The Case Administrator will promptly provide a copy of the Parties' proposals to the Arbitrator, unless the Parties agree that they should not be provided to the Arbitrator. Any time prior to the close of the Arbitration Hearing, the Parties remain free to exchange revised written proposals of offers or demands, which will supersede all prior proposals. The revised written proposals will be provided to the Case Administrator who will promptly provide them to the Arbitrator, unless the Parties agree otherwise.

(c) If the Arbitrator has been informed of the written proposals, in rendering the Award the Arbitrator will select between the Parties' last proposals, choosing the proposal that the Arbitrator finds most reasonable and appropriate in light of the standard set forth in Rule 19 (b).

(c) If the Arbitrator has not been informed of the written proposals, the Arbitrator will render the Award as if pursuant to Rule 19, except that the Award will thereafter be adjusted to conform to the closest of the last proposals and the closest of the last proposals will become the Award.

(d) The Arbitrator will render the Award within thirty (30) calendar days after the date of the closing of the Hearing or, if an Arbitration Hearing has been waived, within thirty (30) calendar days after the date of the Arbitrator's receiving all materials specified by the Parties. The form of the final Award will be governed by Rule 19 (d).

COPYRIGHT 1997 J•A•M•S/ENDISPUTE -1.97

# EXHIBIT 5
# TO
# ATTACHMENT A

# Employees by Cost Center

*Friday, January 2, 1998*

| Cost Center | Office General Counsel - Sf |
|---|---|

CC# 511

| Name | ID# | Job Title | √ |
|---|---|---|---|
| Holland,Pamela B | 04654 | Counsel | ✓ |
| Kornman,Kay A | 03831 | Counsel | ✓ |
| Milton,Debbie | 06059 | Administrative Associate | ✓ |
| Perry,Kenneth M | 06646 | Counsel | ✓ |
| Pryar,Barbara | 07030 | Administrative Associate | ✓ |
| Richardson-Faulk,Crystal | 07038 | Administrative Associate | ✓ |
| Samuel,Wendy B | 05679 | Director | ✓ |
| Smith,Daniel C | 03916 | Vp & Deputy General Counsel | ✓ |
| Teimourian,Sheila | 06218 | Counsel | ✓ |

*J. Phyllis Ferguson*

**Cost Center: Office General Counsel - Sf**

CC# 511